WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>          Plaintiff,<br><br>v.<br><br>Calvin John Cook,<br><br>          Defendant. | No. CR-16-887-1-TUC-CKJ (LCK)<br><br>**ORDER** |

Before the Court is the July 10, 2020 correspondence submitted by Defendant Calvin John Cook. (Doc. 38)  The Clerk of Court has filed this document as a Motion to Reduce Sentence or for Early Release—First Step Act. *Id.*  The Federal Public Defender has filed a Notice regarding Defendant's pro se correspondence dated July 14, 2020, recommending that there is no basis for appointment of counsel at this time. (Doc. 39)

## PROCEDURAL HISTORY

On December 12, 2016, Defendant pleaded guilty to Aggravated Sexual Abuse pursuant to a plea agreement. (Minute Entry 12/12/2016).  On April 6, 2017, this Court sentenced Defendant to a term of 128 months in the custody of the Bureau of Prisons, to be followed by a life term of supervised release.  (Doc. 32 at 1).

## ANALYSIS

First Step Act

The First Step Act went into effect on December 21, 2018.  *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("Act").  Some portions of the Act apply

retroactively. *See* Act § 102(g)(3) ("The amendments made by this subsection shall apply with respect to offenses committed before, on, or after the date of enactment of this Act, except that such amendments shall not apply with respect to offenses committed before November 1, 1987."); *see also United States v. Lamendola*, No. 2:12-CR-451-2 KJM, 2019 WL 952039, at *1, n.1 (E.D. Cal. Feb. 27, 2019); *United States v. Drayton*, No. CR 10-20018-01-KHV, 2019 WL 464872, at *2 (D. Kan. Feb. 6, 2019) (Section 404 of the First Step Act "permits district courts to reduce a sentence retroactively based on the revised statutory penalties of the Fair Sentencing Act of 2010").

As summarized by the Federal Public Defender—for persons who have already been sentenced, the Act provides two possible avenues for relief.

> Under 18 U.S.C. § 3582(c)(1)(A)(i), a court may reduce a sentence upon motion of the defendant [(i)] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf[,] or [(ii)] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

(Doc. 39 at 1)

As the Federal Public Defender highlights and the Court acknowledges, while Defendant maintains that he has submitted a request for compassionate release to the warden (Doc. 38 at 5), he fails to indicate whether 30 days have elapsed since his submission or whether the warden has denied his request. "Only when a warden fails to act on a request within 30 days can a prisoner proceed to court without exhausting his administrative remedies." *United States v. Weidenhamer*, No. CR-16-01072-001-PHX-ROS, 2020 WL 1929200, at *1 (D. Ariz. Apr. 21, 2020). Accordingly, Defendant's request is denied without prejudice.

Accordingly, IT IS ORDERED:

1. The Motion to Reduce Sentence or for Early Release—First Step Act (Doc. 38) is DENIED WITHOUT PREJUDICE.

2. The Clerk of Court shall mail a copy of this Order to Defendant at the following address:

>Calvin John Cook, #62691-408
>FCI-Fairton
>Federal Correctional Institution
>P.O. Box 420
>Fairton, NJ 08320

Dated this 24th day of July, 2020.

*Cindy K. Jorgenson*
Honorable Cindy K. Jorgenson
United States District Judge