**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-16-00887-001-TUC-CKJ (LCK) |
| Plaintiff, | **ORDER** |
| v. | |
| Calvin John Cook, | |
| Defendant. | |

Before the Court is Defendant's Motion for a Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 38). For the following reasons, Defendant's Motion is DENIED. This case shall remain closed.

## BACKGROUND & PROCEDURAL HISTORY

On December 12, 2016, Defendant Calvin John Cook pleaded guilty to aggravated sexual abuse, in violation of 18 U.S.C. § 2241(a)(1) and 2246(2)(A), for having sexual intercourse with his 22-year-old niece who has special needs. (Docs. 21, 29) On April 6, 2017, the Court sentenced Defendant to one hundred twenty-eight months imprisonment followed by a life term of supervised release. (Doc. 35)

On July 10, 2020, Defendant filed the Motion at hand asserting he has contracted the coronavirus while incarcerated at the Federal Correctional Institution in Fairton, New Jersey. (Doc. 38) In his Motion, Defendant argues that his term of imprisonment should be reduced because he has done everything in his power to rehabilitate himself; he has an

impeccable disciplinary record; he is in the process of completing the Spanish language; and he has maintained employment in food service while incarcerated. *Id.* At the time of filing, Defendant had served a little over one-third of his ten-and-one-half year term.

On July 14, 2020, the Federal Public Defender filed a Notice Regarding Defendant's Pro Se Motion for a Sentencing Reduction Under 18 U.S.C. § 3582(c)(1)(A), which indicated Defendant failed to demonstrate that he had exhausted his administrative remedies before filing his Motion, as required by law. (Doc. 39)

On July 24, 2020, the Court entered an Order denying Defendant's Motion, without prejudice, for the failure to exhaust administrative remedies. (Doc. 40)

On August 5, 2020, Defendant's Notice was filed with the Court. (Doc. 41) In his notice, Defendant alleged that he mailed a response to his request for early release from the warden of his institution to the Federal Public Defender's office on July 21, 2020. *Id.* Defendant requested that his former attorney with the Federal Defender confirm receipt of his letter. *Id.*

On August 28, 2020, the Federal Public Defender filed a Motion for Appointment of Counsel Under General Order 20-28. (Doc. 42) In its motion, the Federal Defender stated that since Defendant had notified the Court that he had exhausted his administrative remedies, it was recommending that the Court appoint CJA panelist Jack L. Lansdale Jr. to assist Defendant in seeking relief under § 3582(c)(1)(A). *Id.*

On September 2, 2020, the Court entered an Order granting the Federal Public Defender's request and appointing CJA panelist Attorney Lansdale to file a motion for relief on Defendant's behalf. (Doc. 43) The Court also directed Attorney Lansdale to confer with the Federal Public Defender and gather pertinent medical records from the Bureau of Prisons ("BOP") concerning Defendant's present medical condition. *Id.* The Court reminded counsel to review General Order 20-28 before filing a motion on Defendant's behalf. *Id.*

On September 24, 2020, Defendant's counsel filed a Notice That No Amended Motion Will be Filed. (Doc. 44) In the notice, counsel asserted that he had reviewed

Defendant's motion for sentencing relief, his available medical records, and Defendant's presentence investigation report and had considered the merits of filing a renewed motion on Defendant's behalf. *Id.* Counsel outlined the following facts to the Court: On June 3, 2020, Defendant was placed in isolation due to COVID-19 exposure. On June 17, 2020, Defendant tested positive for COVID-19 and was placed in 14-day isolation. Defendant's 14-day isolation was followed by a 14-day recovery period. On July 6, 2020, the recovery period ended. On July 3, July 7, and July 14, 2020, Defendant underwent additional COVID-19 screening and tested negative. Counsel noted that although Defendant tested positive for COVID-19 on June 17, 2020, he was asymptomatic during the entire period of his exposure to the virus. *Id.*

In summarizing and analyzing Defendant's arguments for relief, counsel asserted that he failed to identify extraordinary and compelling reasons warranting a reduction in Defendant's sentence. (Doc. 44 at 2) As such, counsel represented that he could not find a substantial basis for filing a renewed motion for relief on Defendant's behalf. *Id.* at 3. This Order follows.

## LEGAL STANDARD

Compassionate release is governed by 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018. *United States v. Alvarez-Espinoza*, No. CR-08-00611-02-PHX-DGC, 2020 WL 5658932, at *1 (D. Ariz. Sept. 23, 2020). A motion for compassionate release may be made by either the BOP or by a defendant who has fully exhausted administrative remedies within the Bureau. *United States v. Zazweta*, No. 16-CR-176-BLW, 2020 WL 5577876, at *1 (D. Idaho Sept. 17, 2020).

In order to modify a sentence and grant compassionate release, a district court must engage in a three-step process. *Zazweta*, 2020 WL 5577876, at *1. First, it must consider the 18 U.S.C. § 3553(a) factors. *Id.* Second, the court must find that "extraordinary and compelling reasons warrant such a reduction." *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)). "Extraordinary and compelling reasons" to release a defendant from BOP custody include (1) medical conditions which diminish the ability of the defendant to provide self-care in

prison, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. *Id.* (citing U.S.S.G. § 1B1.13 (2018)). Third, the court must find that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)).

## ANALYSIS

Defendant is 44 years old. He has an extensive criminal history dating back to 1998, and the crime for which he is currently incarcerated is his second felony offense. He also has multiple prior convictions for domestic violence and substance abuse. Defendant argues he should be subject to early release because he has been exposed to the coronavirus, he has completed efforts at rehabilitation, he has been actively employed while incarcerated, and he has maintained a clean disciplinary record. The Court denies Defendant's request for sentencing relief for multiple reasons.

To begin, Defendant fails to demonstrate that he has exhausted his administrative remedies before filing his request for a sentence reduction. Although he contends otherwise, there is no evidence in the record that demonstrates the warden of FCI-Fairton denied his request for sentencing relief or when such denial occurred. Notwithstanding Defendant's failure to exhaust his administrative remedies, his request for compassionate release still fails.

Courts in this circuit have concluded that exposure to COVID-19 alone fails to constitute an extraordinary and compelling reason which supports compassionate release. *Zazweta*, 2020 WL 5577876, at *1; *Alvarez-Espinoza*, 2020 WL 5658932, at *3. In fact, Defendant has already contracted the virus and displayed asymptomatic symptoms. He also fails to demonstrate that further exposure to the virus would subject him to a medical condition that would substantially diminish his ability to provide self-care within his correctional facility. Furthermore, the Sentencing Guidelines which outline the criteria for compassionate release explicitly state that the "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for a reduction under this policy[.]"

- 4 -

U.S.S.G. § 1B1.13 app. 3 (2018). As such, Defendant's argument that he has successfully completed a non-residential sex offender treatment program is also unavailing.

In summary, Defendant falls far short of carrying his burden of demonstrating "extraordinary and compelling reasons" to support compassionate release. Moreover, the Court cannot find that Defendant would not be a danger to the community if released. Accordingly, Defendant's Motion for a Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) is DENIED.

**IT IS SO ORDERED:**

1. Defendant's Motion for a Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 38) is DENIED.

2. This case remains closed.

Dated this 29th day of September, 2020.

Honorable Cindy K. Jorgenson
United States District Judge